IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Nautilus Insurance Company, | ) | C/A No. 0:14-3167-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Crime Prevention Security Patrol, LLC; | ) | **ORDER** |
| Stephen Tarsitano; Thomas Tarsitano; | ) | |
| Shaniqua T. Moore; and Sharetta Moore, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Crime Prevention Security Patrol, LLC; | ) | |
| Stephen Tarsitano; Thomas Tarsitano, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Gill Insurance, LLC; and Kristy Dennis, *in her* | ) | |
| *capacity as agent of Gill Insurance, LLC also* | ) | |
| *known as Gill Insurance also known as Gill* | ) | |
| *Insurance Agencies*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

Nautilus Insurance Company ("Nautilus") filed this action under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for ruling on a motion filed by Defendants Shaniqua T. Moore and Sharetta Moore ("the Moores") to be substituted for Defendants Crime Prevention, LLC ("Crime Prevention"), Stephen Tarsitano, and Thomas Tarsitano ("the Tarsitanos") as the real parties in interest in this case under Rules 17(a)(3) and 25(c) of the Federal

Rules of Civil Procedure. (ECF No. 57.) Defendants Gill Insurance, LLC ("Gill Insurance"), and Kristy Dennis ("Dennis") filed a response in opposition (ECF No 58) to the Moores' motion, the Moores replied (ECF No. 60), and Defendants Gill Insurance and Dennis filed a sur-reply (ECF No. 62).

## BACKGROUND

The Moores sued Crime Prevention and the Tarsitanos in state court alleging, among other things, that Crime Prevention's failure to provide sufficient security at an event at which Shaniqua Moore was in attendance was the proximate cause of her injuries. (See State Court Compl., ECF No. 1-2.) Crime Prevention tendered the state court action to its insurer, Nautilus, which is defending the state court case under a reservation of rights. Nautilus then filed the instant action in this court seeking a declaration regarding whether its policy covers the acts and omissions alleged by the Moores against Crime Prevention and the Tarsitanos. (Compl., ECF No. 1.) Crime Prevention and the Tarsitanos filed a third-party complaint setting forth claims for negligence, indemnity, and breach of contract against third-party defendants Gill Insurance and Dennis, in her capacity as an agent of Gill Insurance, for allegedly failing to procure adequate coverage. (Third-Party Compl., ECF No. 22.)

Counsel for Crime Prevention and the Tarsitanos moved to be relieved as counsel in this action, and the court issued an order granting counsel's motion to withdraw. (ECF Nos. 47, 50, 53.) The order allowed Crime Prevention and the Tarsitanos sixty days to obtain new counsel and indicated that these parties were aware that: (1) the Tarsitanos cannot represent Crime Prevention because it is a corporate defendant; and (2) that Crime Prevention must retain counsel admitted in



this district to proceed in this case. (ECF No. 53.) To date, Crime Prevention and the Tarsitanos have not retained counsel.

## DISCUSSION

**A.     Applicable Standard**

Rule 17 of the Federal Rules of Civil Procedure states that the "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). "Subsection (a)(3) was added simply in the interests of justice," and the aim of Rule 17(a)(3) "is to afford the real party in interest with an opportunity to prosecute the action." O'Hara v. Nika Tech., Inc., C/A No. PWG-13-543, 2015 WL 993572, at *2 (D. Md. Mar. 4, 2015) (internal quotation marks and citation omitted).

Moreover, Rule 25 of the Federal Rules of Civil Procedure provides for substitution of parties where "an interest is transferred." Fed. R. Civ. P. 25(c). "Where an entity receives a transfer of pertinent interest after the commencement of litigation, substitution of that entity into the action . . . by the district court is appropriate under Rule 25(c)." Comstat Corp. v. Melbourne Int'l Commc'ns Ltd., C/A No. DKC2002-2680, 2004 WL 1124946, at *1 (D. Md. May 13, 2004). "The decision to order substitution is a matter within the sound discretion of the court." General Ins. Co. of America v. Walter E. Campbell Co., Inc., C/A No. WMN-12-3307, 2014 WL 1954671, at *2 (D. Md. 2014) (internal quotation marks and citation omitted).

*PJG*

**B.     The Moores' Motion**

The Moores indicate that, on June 2, 2015, Crime Prevention and the Tarsitanos signed an "Agreement and Covenant Not to Execute Judgment Exceeding Insurance Proceeds or Proceeds Paid by Third-Party Defendants and Assignment of Claims and Causes of Action." (Mot. Substitute, ECF No. 57 at 3; see also Agreement, ECF No. 57-1.)  The Moores indicate that they also signed this Agreement which transferred and assigned Crime Prevention's and the Tarsitanos' "interests and legal rights in all claims for insurance coverage against Nautilus Insurance and all claims against Gill Insurance to the Moores." (Id.) "In exchange, the Moores agreed not to execute a judgment against Crime Prevention or the Tarsitanos which exceeds the maximum limits of available insurance coverage provided or required or agreed to be provided by Nautilus Insurance, Gill Insurance, or its insurers, or the amount to be paid individually by Gill Insurance." (Id.)  Thus, the Moores ask this court to "allow their substitution as the real parties in interest, or recognize them as the parties to whom the legal rights and interests of Crime Prevention and the Tarsitanos have been transferred in this case." (Id. at 4.)  The Moores indicate that counsel for Nautilus and Gill Insurance have declined to consent to the motion.  (Id.)

In their response in opposition to the Moores' motion, Gill Insurance and Dennis argue that the Moores "have failed to set forth facts by which this Court can determine if the assignment is proper under South Carolina law."  (ECF No. 58 at 1.)  Gill Insurance and Dennis cite to Fowler v. Hunter, 697 S.E.2d 531 (S.C. 2010), as controlling authority for determining whether an assignment of claims is valid under South Carlina law.  (Id. at 3.)  In Fowler, the South Carolina Supreme Court found that "the primary concern" in determining whether an agreement is valid "is the risk of collusion when an insured is protected from liability by an agreement not to execute prior to the entry



of judgment in the underlying tort action." Fowler, 697 S.E.2d at 535 (agreeing with the reasoning of the Supreme Judicial Court of Massachusetts in Campione v. Wilson, 661 N.E.2d 658 (Mass. 1996)); see also Skipper v. ACE Prop. and Cas. Ins. Co., 775 S.E.2d 37, 38 (S.C. 2015) (noting the "heightened risk of collusion [in] permitting the assignment of legal malpractice claims between adversaries" in which the legal malpractice claim arose and holding that such assignments in a legal malpractice case are prohibited). Gill Insurance and Dennis assert that the Moores have not provided sufficient facts for this court to make an analysis of the risk of collusion. (ECF No. 58 at 4; see also ECF No. 62 at 1-2.)

In their reply, the Moores argue that Gill Insurance and Dennis, in citing Fowler, acknowledge "that a claim under an insurance policy may lawfully be assigned by an insured/defendant tortfeasor to an injured plaintiff in exchange for a covenant not to execute judgment. The injured Plaintiff may then assert the assigned claims for coverage against an insurer or an insurance agent, standing in the shoes of the insured/defendant tortfeasor." (ECF No. 60 at 2.) The Moores further point out that Gill Insurance and Dennis concede in their response that there is no indication that there has been or will be collusion between the Moores, Crime Prevention, and the Tarsitanos in the underlying state court action. (Id. at 4.) While the Moores acknowledge that the risk of collusion exists in practically every case, they argue that counsel "in the underlying state court case . . . are fully capable of ferreting out any alleged collusion" and "are fully capable of analyzing the facts and circumstances to determine whether any settlement or judgment [reached in the underlying state court case] is tainted by collusion." (Id. at 5.) The Moores argue that the Agreement at issue "would be null and void and the Moores would be entitled to execute a judgment against" Crime Prevention and the Tarsitanos if they failed to testify truthfully in both this case and

the underlying state court action. (Id. at 6.) Finally, the Moores note that they "must step into the shoes of Crime Prevention and the Tarsitanos or their claims and defenses against Gill Insurance and Nautilus" are likely headed for dismissal as neither Crime Prevention nor the Tarsitanos are represented by counsel in this case. (Id.)

The court finds that the Moores have provided sufficient information to determine that the "risk of collusion is minimized" with respect to the Agreement referenced in this case and that any "potential for complicity or wrongdoing" that may arise in this case or the underlying state court action can be monitored by counsel in both cases. Fowler, 697 S.E.2d at 535. Further, the court finds that it serves the interests of justice to grant the Moores' motion, because Crime Prevention cannot proceed in this action without counsel. Therefore, the Moores' motion to be substituted as the real party in interest (ECF No. 57) is granted and the Clerk of Court is directed to terminate Crime Prevention Security Patrol, LLC, Stephen Tarsitano, and Thomas Tarsitano as parties in this action.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2015
Columbia, South Carolina