IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Nautilus Insurance Company, | ) | C/A No. 0:14-3167-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Crime Prevention Security Patrol, LLC; | ) | **ORDER** |
| Stephen Tarsitano; Thomas Tarsitano; | ) | |
| Shaniqua T. Moore; and Sharetta Moore, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Crime Prevention Security Patrol, LLC; | ) | |
| Stephen Tarsitano; Thomas Tarsitano, | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Gill Insurance, LLC; and Kristy Dennis, *in her* | ) | |
| *capacity as agent of Gill Insurance, LLC also* | ) | |
| *known as Gill Insurance also known as Gill* | ) | |
| *Insurance Agencies*, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| _____ | ) | |

Nautilus Insurance Company ("Nautilus") filed this action under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for rulings on multiple motions. Nautilus filed a Motion for a Protective Order pursuant to Rule 26(c). (ECF No. 86.) Shaniqua T. Moore and Sharetta Moore ("the Moores") filed a response in opposition to Nautilus's motion. (ECF No. 87.) Additionally, Gill Insurance, LLC ("Gill Insurance") filed a "Motion to Alter or Amend and to

Supplement the Record." (ECF No. 88.) The Moores filed a response to Gill Insurance's motion, (ECF No. 89), to which Gill Insurance filed a reply. (ECF No. 90.)

## BACKGROUND

The Moores sued Crime Prevention Security Patrol, LLC ("Crime Prevention") and Stephen and Thomas Tarsitano ("the Tarsitanos") in state court alleging, among other things, that Crime Prevention's failure to provide sufficient security at an event at which Shaniqua Moore was in attendance was the proximate cause of her injuries. (See State Court Compl., ECF No. 1-2.) Crime Prevention tendered the state court action to its insurer, Nautilus, which is defending the state court case under a reservation of rights. Nautilus then filed the instant action in this court seeking a declaration regarding whether its policy covers the acts and omissions alleged by the Moores against Crime Prevention and the Tarsitanos. (Compl., ECF No. 1.) Crime Prevention and the Tarsitanos filed a third-party complaint setting forth claims for negligence, indemnity, and breach of contract against Third-Party Defendants Gill Insurance and Dennis, in her capacity as an agent of Gill Insurance, for allegedly failing to procure adequate coverage. (Third-Party Compl., ECF No. 22.)

By order dated September 30, 2015, the court granted the Moores' motion to be substituted as the real parties in interest in place of Crime Prevention and the Tarsitanos, who assigned their claims against Nautilus and Gill Insurance to the Moores. (ECF No. 79 at 4.)[1] On September 16, 2015, the Moores served a notice of deposition of a corporate representative of Nautilus pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, indicating the deposition would be held in Columbia, South Carolina. (ECF No. 87-1.)

---

[1] The assigned district judge modified the September 30 order for reasons unrelated to these motions. (ECF No. 82.)



## DISCUSSION

A.     **Nautilus's Motion for a Protective Order**

Nautilus moves for an Order of Protection pursuant to Rule 26(c). Nautilus argues that the Moores' notice of deposition seeking to have a corporate witness deposed in Columbia, South Carolina is an undue burden or expense because Nautilus's principal place of business (and therefore corporate witness) is located in Scottsdale, Arizona. (ECF No. 86-1 at 1-4.) Consequently, Nautilus asks the court to issue an order of protection for its corporate witness to prevent the Moores from requiring the witness to travel to South Carolina to be deposed. (ECF No. 86.) In the alternative, Nautilus asks the court to order the parties to conduct the deposition via video conference. (Id. at 2.)

Rule 26(c) provides:

**(c) Protective Orders.**

(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

   (A) forbidding the disclosure or discovery;

   (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

   (C) prescribing a discovery method other than the one selected by the party seeking discovery;

   (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

   (E) designating the persons who may be present while the discovery is conducted;

>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c). The burden for showing "good cause" is on the party seeking the protective order. See 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure, § 2035 (3d ed. 2010); Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973).

The court finds that Nautilus has failed to demonstrate good cause to protect its corporate witness from traveling to South Carolina to be deposed. The court further finds that conducting the deposition in South Carolina does not constitute an undue burden or expense under Rule 26(c). Accordingly, Nautilus's Motion for a Protective Order is denied.

**B.      Gill Insurance's Motion to Alter or Amend and to Supplement the Record**

Gill Insurance, in a motion titled "Motion to Alter or Amend and to Supplement the Record," asks the court to reconsider its order substituting the Moores as the real party in interest for the claims of Crime Prevention and the Tarsitanos.[2] Gill Insurance argues that at the time the court issued the order, it was not aware that the underlying state court action between the Moores and

---

[2] Because Gill Insurance seeks to revisit the court's decision in an interlocutory order, the court construes this motion as one pursuant to Rule 54(b). See Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").



Crime Prevention had been stayed. (ECF No. 88 at 2.) According to Gill Insurance, the court should reconsider its order because the court's assumption that the parties can monitor the risk of collusion in the state court action is no longer present if the case is stayed. (Id.) Further, Gill Insurance asks to supplement the record with the order staying the underlying state court proceeding.[3]

"An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." Fayetteville Inv'rs v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991). While the United States Court of Appeals for the Fourth Circuit has not provided a standard to evaluate motions to reconsider an interlocutory order, other courts have looked for guidance in the standards for motions to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Regan v. City of Charleston, 40 F. Supp. 3d 698 (D.S.C. 2014) ("[A] motion to reconsider an interlocutory order may be granted for the following reasons: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice.' ") (quoting Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

The court finds its analysis in the September 30, 2015 order would not have been affected by the information Gill Insurance now brings to the court. While the information presented by Gill Insurance may constitute "new evidence not previously available," the court finds such information would have been irrelevant to the court's decision. Consequently, Gill Insurance's motion to

---

[3] The Moores do not object to supplementing the record, but they do object to the court reconsidering its order. (ECF No. 90 at 2.)



reconsider is denied. However, Gill Insurance's motion to supplement the record is granted for the purpose of placing the order staying the underlying state court action in the record.

## CONCLUSION

Based on the foregoing, Nautilus's motion for an order of protection and Gill Insurance's motion to alter or amend are denied. However, Gill Insurance's motion to supplement the record is granted.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 1, 2016
Columbia, South Carolina