

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, § § Plaintiff, § § vs. § CRIME PREVENTION SECURITY PATROL, § LLC, STEPHEN TARSITANO, THOMAS § TARSITANO, SHANIQUA T. MOORE, and § SHARETTA MOORE, § § Defendants. § —————————————————— § § CRIME PREVENTION SECURITY PATROL, § LLC, STEPHEN TARSITANO, and THOMAS § TARSITANO, § § Third-Party Plaintiffs, § § vs. § § GILL INSURANCE, LLC, and KRISTY § DENNIS, *in her capacity as agent of Gill* § *Insurance a/k/a Gill Insurance Agencies*, § § Third-Party Defendants. § | Civil Action No. 0:14-03167-MGL-PJG |

ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDERS AND
DENYING THIRD-PARTY DEFENDANTS' APPEAL OF MAGISTRATE JUDGE
DECISION

Pending before the Court is Third-Party Defendants' Appeal of Magistrate Judge Decision

(Appeal). ECF No. 102. In the Appeal, Third-Party Defendants contend the Magistrate Judge's

Order, ECF No. 79, granting Defendants Shaniqua T. Moore and Sharetta Moore's (Moores) Motion to be Substituted as Real Party in Interest, ECF No. 57, and Order, ECF No. 99, denying Third-Party Defendants' Motion to Alter or Amend, ECF No. 88, are erroneous.  At issue in the Appeal is the Magistrate Judge's decision to grant the Moores' motion to be substituted as real parties in interest for Defendants/Third-Party Plaintiffs (Defendants) pursuant to an agreement (Assignment) between the Moores and Defendants assigning Defendants' claims against Plaintiff and Third-Party Defendants to the Moores.

Under Rule 25(c) of the Federal Rules of Civil Procedure, the court, upon motion, may order the transferee of an interest of an original party to be substituted as the real party in interest. Fed. R. Civ. P. 25(c).  When a party objects to a Magistrate Judge's pretrial order, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A).  Under this clear error standard, the Court will reverse the Magistrate Judge's holdings only if it is "left with the definite and firm conviction that a mistake has been committed."  *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (quoting *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008)) (internal quotation marks omitted).

In *Fowler v. Hunter*, 697 S.E.2d 531 (S.C. 2010), the South Carolina Supreme Court upheld an assignment of an insured defendant's claims against its insurance agents to a plaintiff that was similar to the Assignment in this case.  Relying on *Fowler*, the Magistrate Judge held the risk of collusion between the Moores and Defendants was minimized, the Assignment was enforceable, and the Moores should therefore be substituted for Defendants.  There is little South Carolina law regarding the enforceability of assignments of claims such as the one at issue in this case.  In light of *Fowler*, the Court is unable to say it is "left with the definite and firm conviction that a mistake

has been committed." *Harvey*, 532 F.3d at 337. Consequently, the Court is also unable to hold that the Magistrate Judge's Orders, ECF Nos.79, 99, are clearly erroneous or contrary to law. As such, the decisions of the Magistrate Judge on this issue are **AFFIRMED**.

    **IT IS SO ORDERED.**

    Signed this 22nd day of December 2016 in Columbia, South Carolina.

                              s/Mary Geiger Lewis
                              MARY GEIGER LEWIS
                              UNITED STATES DISTRICT JUDGE